STATE OF CONNECTICUT *v.* PHILIP MANN
(AC 26957)

McLachlan, Gruendel and Harper, Js.

Argued March 27—officially released July 10, 2007

*Ruth Daniella Weissman*, special public defender, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *Susan Whitman Hatfield*, former special deputy assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Philip Mann, appeals from the judgment of conviction, rendered following a trial to the court, of criminal mischief in the third degree in violation of General Statutes § 53a-117 (a) (1) (A) and disorderly conduct in violation of General Statutes § 53a-182 (a) (2).[1] The defendant claims that (1) the evidence did not support the conviction, and (2) §§ 53a-117 (a) (1) (A) and 53a-182 (a) (2) are void for vagueness. We affirm the judgment of the trial court.

---

[1] The court found the defendant not guilty of reckless endangerment in the second degree. The court sentenced the defendant to serve a term of incarceration of thirty days, execution suspended, and one year of conditional discharge.

I

The defendant first claims that, with regard to the crime of disorderly conduct, the evidence was not sufficient to prove that, by his disorderly or offensive conduct, he annoyed or interfered with another person. With regard to the crime of criminal mischief, the defendant claims that the evidence was not sufficient to prove that he caused any damage to the tangible property of another. The defendant also claims that the evidence was not sufficient to prove that he acted with the requisite mental state required for the commission of either crime. We disagree.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the [finder of fact] if there is sufficient evidence to support the [finder of fact's] verdict." (Internal quotation marks omitted.) *State* v. *Oberdick*, 74 Conn. App. 57, 61, 810 A.2d 296 (2002).

The state presented evidence that on July 15, 2004, the defendant met by appointment with Dawne Westbrook, an attorney, in the conference room of a law office in Middletown. During their meeting, the defendant became upset upon realizing that he had not brought certain documents with him to the meeting. The defendant became agitated; he threw a chair in the direction of a window and "slammed" the chair against the floor several times. The defendant thereby damaged the metal framed chair, rendering it unusable, and caused a gouge in the conference room's carpeting. The

defendant's conduct frightened Westbrook. In an effort to calm him so that she could safely remove herself from the situation, Westbrook encouraged the defendant to return home to retrieve his documents.

Lisa Thurston, a receptionist at the law firm, heard the commotion and observed the defendant's conduct through glass doors that led into the conference room. Thurston became fearful, in part for Westbrook's safety, and began shaking. She asked Westbrook if she should call 911. Westbrook replied that everything was fine because she did not want to make the defendant angrier. Thurston also became so concerned that she called and sought the advice of another attorney associated with the law firm. When the defendant ultimately left the premises to retrieve his documents, Thurston locked the office doors and called 911. Middletown police officers responded to the scene and, upon the defendant's return, spoke with the defendant. The defendant admitted to the officers that he had "picked up a chair and banged it on the floor" but said that he did not mean to harm anyone. The officers instructed the defendant not to return to the office and, at a later date, arrested him.

The defendant's arguments may be summarized as follows. He argues that his conduct was merely "thoughtless, inadvertent or simply inattentive" and posits that he did not injure or intend to injury anyone. He characterizes Thurston's response to his outburst as "a sensitive overreaction" to his conduct and generally minimizes the effect that his conduct had on Westbrook and Thurston. On the one hand, the defendant acknowledges that the evidence supported a finding that he damaged a chair to the extent that it was unusable and that he damaged the carpeting in the office. On the other hand, he argues that the evidence that supported

such a finding was insufficient because it was testimonial in nature. The defendant also argues that the damage caused by his behavior was minimal and that far greater damage is required to satisfy the criminal mischief statute.

We decline the defendant's invitation to construe the evidence in the light most favorable to him and will, instead, construe the evidence in the light most favorable to upholding the finding of his guilt. See *State* v. *Newton*, 59 Conn. App. 507, 513–14, 757 A.2d 1140, cert. denied, 254 Conn. 936, 761 A.2d 764 (2000). The evidence amply supported a finding that the defendant annoyed or interfered with Westbrook and Thurston. His offensive and disorderly conduct in a professional workplace frightened both victims more than momentarily, interfered with their performance of their workplace duties and prompted Thurston to summon police assistance. The court, as finder of fact, drew reasonable inferences from the defendant's conduct in an effort to determine his mental state at the time of his disruptive outburst. That conduct reasonably permitted a finding that the defendant acted with the mental state required for the commission of the crimes. Finally, there was ample, undisputed evidence that the defendant damaged tangible property in the law office. The defendant attempts to persuade us, on the basis of pure speculation, unconnected to the evidence, that the tangible property at issue was of "poor quality" and that "any damage [he] caused should be viewed as more akin to wear and tear rather than criminal mischief . . . ." This argument is not only unsupported by the evidence but is contrary to the evidence, for it is unreasonable to conclude that the defendant's treatment of the property at issue was akin to "wear and tear." Further, the state bore the burden of proving that the defendant intentionally or recklessly "damag[ed] tangible property of

another . . . ." General Statutes § 53a-117 (a) (1) (A). Even if the defendant's characterization of the property was supported by the evidence, the statute does not burden the state to prove the existence of damage of or more than a certain dollar amount or that the damaged property was of a certain quality. Thus, the damage proven at trial easily satisfied the requirements of the criminal mischief statute.

## II

The defendant next claims that the disorderly conduct and criminal misconduct provisions at issue are vague facially and as applied. The defendant argues that § 53a-182 (a) (2) "overlaps" with General Statutes § 53a-181a (a) (2), that "reckless conduct cannot be proscribed by the statute," and that his conduct "was either not grossly offensive under contemporary community standards and/or did not interfere or impede with the lawful activity of anyone then present in the manner set forth by prior case law . . . ." Also, the defendant argues that § 53a-117 (a) (1) (A) does not require that a "minimum amount of damage" be proven and that the state proved, at best, that "minimal damage" occurred as a result of reckless, rather than intentional, conduct.

We have reviewed the defendant's claims in detail and conclude that they are wholly without merit. It would serve no useful purpose for us to analyze these claims in any detail here.

The judgment is affirmed.

In this opinion the other judges concurred.